UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PENNY L. R.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-5690 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

    Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Plaintiff contends the ALJ erred by rejecting her symptom testimony and at step four.[1] Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

    Plaintiff is 57 years old and has worked as a desktop support, telephone clerk, and data entry clerk. Admin. Record (AR) 32. In January 2021, Plaintiff applied for benefits, alleging

---

[1] Plaintiff's Opening Brief does not entirely comply with the briefing requirements provided in the Court's Scheduling Order, as Plaintiff did not list the alleged errors on the first page of the brief and Plaintiff did not include her assignment of error with the ALJ's findings at step four. *See* Dkts. 9 at 2; 10 at 1. In the future, counsel shall take care to review and comply with the Court's briefing requirements.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

disability as of December 6, 2019. AR 87, 95. Plaintiff's application was denied initially and on reconsideration. AR 92, 100. After the ALJ conducted a hearing in August 2022 (AR 38–85), the ALJ issued a decision finding Plaintiff not disabled. AR 16–37.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Plaintiff's Symptom Testimony

Plaintiff first contends the ALJ erred in rejecting her symptom testimony. Dkt. 10 at 2–14. Plaintiff testified that while at work in May 2019, there was a "snap in her shoulder" that led to such "excruciating pain" that she required bed rest. *See* AR 55. She stated she has had difficulties with her neck, shoulder, arm, right hand, and fingers since this incident. *See* AR 55–56, 60–61. She stated physical therapy worsened her symptoms. AR 61. She stated she has to use a special pillow for sleeping because of her neck pain. AR 57. She explained that "sleeping wrong" can cause migraines, and these migraines can occur up to four times a month, depending on the quality of her sleep. AR 57–58. She explained that when she has a migraine, she is unable to function. AR 58. She also explained that even when she does not have a migraine, she is still unable to function because she has a hernia. AR 59. She stated she can spend up to four hours of the day reclining, depending on whether she has "an episode" with her neck or hernia.

AR 62–63.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ first found Plaintiff's statements inconsistent with her conservative treatment. AR 27. Use of conservative treatment to treat an ailment "is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). The ALJ's assessment is not supported by the record. The evidence cited by the ALJ shows that even with her exercises and medication, her upper extremities symptoms worsened, her pain level remained high, and her left shoulder continued to be weak. AR 499, 508, 510, 585–87. Later records also show Plaintiff's treating sources suggested other methods of treatment, indicating the lack of improvement with Plaintiff's condition. *See* AR 775. As for her right hand, the ALJ explained it was "managed" with a wrist brace, but the evidence the ALJ cited only shows Plaintiff wore a brace and gives no information regarding whether it was effective. AR 27 (citing AR 246, 280, 480). Although Plaintiff did not testify about her diabetes, the ALJ also considered this impairment and similarly found it managed with treatment. AR 27. However, the evidence cited by the ALJ show Plaintiff's diabetes improved only to an extent, with most recent treatment notes showing her condition worsening. *See* AR 351, 492, 496, 772, 817.

The ALJ next rejected Plaintiff's testimony because it was inconsistent with the objective medical evidence. When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Specifically, the ALJ explained "the medical evidence does not establish the degree of limitation alleged by [Plaintiff]," but the ALJ's finding is not supported by substantial evidence. *See* AR 27. The records do show that Plaintiff "consistently presented as healthy, alert, oriented, and not in acute distress," but the ALJ does not explain how Plaintiff's presentation necessarily negates Plaintiff's statements regarding difficulties with her upper extremities. *See id.* (citing AR 335, 349, 358, 483, 631, 774). The records do show, as the ALJ pointed out, that Plaintiff had intact coordination and manipulation, full range of motion, strength, sensation, and reflexes, that she ambulated with normal gait, and had no muscle spasms or trigger points. *Id.* (citing AR 330, 349, 483, 774). But they also show she had weakness in her left shoulder, diminished sensation in her extremities, and musculoskeletal tenderness. AR 358 ("full range of motion but having intense pain"), 510, 585. Given the records cited by the ALJ do not necessarily undercut Plaintiff's testimony, in rejecting Plaintiff's testimony based on the objective medical evidence, the ALJ erred.

The ALJ also rejected Plaintiff's testimony because of inconsistencies in her statements. AR 28. An ALJ may reject a claimant's symptom testimony if the claimant has made "inconsistent statements concerning the symptoms, and other testimony… that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ's finding is not entirely supported by the record. The ALJ first noted Plaintiff's inconsistent statements regarding when Plaintiff started experiencing pain at work. AR 28. But the different dates on are not meaningfully inconsistent with Plaintiff's testimony. *See* AR 55 (Plaintiff testifying to

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

having a work accident in May 2019), 338 ("Pain started in May 2019."), 384 ("Injury Date: 04/24/2019"), 582 ("On April 24, 2019, Ms. R. was at her work desk when she began having neck pain, upper back pain, and left arm pain.")). The rest of the ALJ's assessment is also not supported by substantial evidence. For example, the ALJ noted Plaintiff's statements about her work injury is not as "serious or limiting as alleged" given her claim for injury was denied by Washington state's Department of Labor and Industries. AR 27 (citing AR 565–66). But the denial merely shows Plaintiff did not meet the state agency's description of an injury and criteria for a claim allowance. AR 565–66. The denial includes no details about her symptoms and sheds no light on the inconsistency of her statements. Further, determinations by another governmental agency on a claimant's disability are not binding. 20 C.F.R. § 404.1504 ("a decision by any other governmental agency or a nongovernmental entity about whether [the claimant is] disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on [the Social Security Administration (SS)] and is not [the SSA's] decision about whether [the claimant is] disabled or blind under [the SSA's] rules"). The ALJ then assessed Plaintiff "inflated her symptoms and functional limitations" during her consultative medical examinations. AR 28. The ALJ pointed out Plaintiff "consistently denied or failed to mention" her migraines, but the record shows she has reported weekly headaches. *See* AR 584.

Next, the ALJ highlighted Plaintiff's upper extremity "give away weakness" during a physical evaluation with Dr. Henegan and pointed out that notations of "give away weakness" indicate feigning of weakness. AR 28 (citing AR 483); *Hennessey v. Berryhill*, 713 Fed. Appx. 557, n. 1 (9th Cir. 2017). Looking at the overall evaluation findings, however, Dr. Henegan seemed to express no concerns about possible malingering, given his observation of Plaintiff's normal effort during the exam. *See* AR 483. The ALJ further supported his argument by citing

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

to treatment notes that "otherwise demonstrate 5/5 or 5-/5 strength of the upper extremities." AR 28 (citing AR 330, 349, 774). But again, other treatment notes throughout the record indicate Plaintiff continued to have weakness in her upper extremities. *See* AR 499, 508, 510, 585–87. The ALJ also pointed out Plaintiff's balance problems were only present during her examination with Dr. Henegan and nowhere else in the record. AR 28. But there are indications throughout the record that Plaintiff had some difficulties with balance, as part of her physical therapy treatment plans include exercises to "decrease falls risk and increase safe community ambulation." *See* AR 512, 706, 806.

      Finally, the ALJ found Plaintiff's testimony inconsistent with her activity level. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). The ALJ first noted Plaintiff testified to spending the majority of her day reclining, yet she is able to manage her selfcare and perform household chores. AR 29. Plaintiff did testify to reclining daily, but she explained how long she reclined varied "depending on the level of pain." AR 63. The records cited by the ALJ do not indicate the time Plaintiff dedicated to selfcare and household chores would necessarily undermine her statements. *See, e.g.*, AR 233–35 (Plaintiff's husband reporting that Plaintiff prepares her meals "once or twice a week at best," that it takes "10-15 min" for Plaintiff to microwave leftovers, that Plaintiff dusts every few months, does laundry once a week, and "occasionally" cleans the toilet), 242–44 (Plaintiff reporting it takes her "10-20 min" to reheat leftovers, that she does laundry "once a week," dusts "about every three months," shops for art supplies "once a month"). The ALJ pointed out Plaintiff spends "an appreciable amount of time per week creating art," but Plaintiff testified she spends up to an hour a week doing so, and the evidence cited by the ALJ does not indicate how

much time she actually spent on her art. *See* AR 67–68, 233, 241, 244, 275, 278, 283, 286. The ALJ also noted Plaintiff's ability to use computers and create art on her tablet, and pointed out that her testimony about using a computer only to print documents is inconsistent with a treatment record stating she spends "much of her day on the computer." AR 28, 70, 338. However, when considering the ALJ's erroneous evaluation of Plaintiff's record as a whole, this discrepancy by itself is an insufficient reason to affirm the ALJ's rejection of Plaintiff's entire testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding "one weak reason," even if supported by substantial evidence, "is insufficient to meet the 'specific, clear and convincing' standard" for rejecting a claimant's testimony).

In sum, because the ALJ's reasons for rejecting Plaintiff's testimony were not supported by substantial evidence, the ALJ erred.

Plaintiff also contends the ALJ erred at step four in finding she could perform her past relevant work. Dkt. 10 at 14–15. Because the Court has found the ALJ's evaluation of Plaintiff's testimony erroneous, the Court need not address this argument because the ALJ's error necessitates reassessment of Plaintiff's RFC, and a proper RFC assessment is needed before proceeding to steps four and five. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").

**2.      Remedy**

Plaintiff requests the Court to remand for an award of benefits because if Plaintiff's testimony is credited as true, the ALJ would have to find her disabled. Dkt. 10 at 15–16. But remand for an award of benefits "is a rare and prophylactic exception to the well-established

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. And "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Only the first step is met here, as the Court has found the ALJ erred in evaluating Plaintiff's testimony. However, Plaintiff's testimony remains contradicted by other evidence in the record, and the ALJ must resolve such contradictions before the Court can proceed to the third step. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015). Therefore, remanding for further proceedings, rather than an award of benefits, is the appropriate remedy. On remand, the ALJ shall reevaluate Plaintiff's testimony and all relevant steps of the disability evaluation process, and conduct any necessary proceedings to reevaluate the disability determination in light of this order.

///

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE